**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

---

|                                          |   |                                |
|------------------------------------------|---|--------------------------------|
| VICTOR TEON LINDSEY II,                  | : |                                |
|                                          | : | Civil Action No. 10-857 (JBS)  |
|          Petitioner,                     | : |                                |
|                                          | : |                                |
|          v.                              | : | **OPINION**                    |
|                                          | : |                                |
| USP PRISON BUREAU, FLORENCE              | : |                                |
| FEDERAL PRISON, a Corporate              | : |                                |
| Entity and Holder of the Key,            | : |                                |
|                                          | : |                                |
|          Respondent.                     | : |                                |

---

**APPEARANCES:**

> VICTOR TEON LINDSEY II
> U.S.P. Florence
> P.O. Box 7000
> Florence, CO 81226
> Petitioner Pro Se

**SIMANDLE,** District Judge

Victor Teon Lindsey II ("Petitioner") has filed a "Petition for Emergency Writ of Habeas Corpus" ("Petition"). (D.I. 1) Petitioner is a prisoner in the custody of the United States Bureau of Prisons who is currently incarcerated at the United States Penitentiary in Florence, Colorado. Having thoroughly reviewed Petitioner's submission, this Court will summarily dismiss the Petition for lack of jurisdiction.

## I.  BACKGROUND

Petitioner alleges that Respondent "is a corporation for profit" which is holding him in the "Western Reception,

Diagnostic and Correctional Center" in Florence, Colorado,
against his will, over his objection, and without his consent.
Id. at p. 2.  According to Petitioner, Respondent is unlawfully
detaining him because "no criminal action in the State of
Colorado has been commenced against [him] by the filing of an
affidavit/complaint, or by a competent fact witness, alleging the
necessary and essential facts sufficient to constitute the
elements of a crime that would invoke a lawful court's
jurisdiction in the first instance." Id.  He contends that this
Court can review the instant Petition because it has jurisdiction
over Delaware corporations operating in Colorado, and Respondent
is incorporated either directly or indirectly in the State of
Delaware.  Id. at pp. 2-3.  Petitioner asks the Court to "demand
[his] immediate discharge." Id. at p. 4.

## II.  **DISCUSSION**

Federal courts are required to liberally construe pro se
filings.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).
Nevertheless, a district court may summarily dismiss a habeas
petition "if it plainly appears from the face of the petition,
any attached exhibits, and the record of prior proceedings that
the moving party is not entitled to relief." See Rule 4(b), 28
U.S.C. foll. § 2255; see also 28 U.S.C. § 2243 ("A court,
justice or judge entertaining an application for a writ of habeas
corpus shall . . . issue an order directing the respondent to

show cause why the writ should not be granted, unless it appears
from the face of the application that the applicant or person
detained is not entitled thereto.")

A federal prisoner challenging the legality of his
conviction or sentence must file a motion to vacate, correct, or
modify a sentence pursuant to 28 U.S.C. § 2255 in the sentencing
court.  See 28 U.S.C. § 2255(a);  Davis v. United States, 417
U.S. 333, 343 (1974);  In re Dorsainvil, 119 F.3d 245, 249 (3d
Cir. 1997).  In turn, a federal prisoner challenging the manner
in which his sentence is being executed must file a petition for
the writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the
district of confinement.  Rumsfeld v. Padilla, 542 U.S. 426, 446-
47 (2004);  see United States v. Jack, 774 F.2d 605, 607 n.1 (3d
Cir. 1985)(a habeas corpus petition pursuant to § 2241 is
appropriate in the district of confinement).

Although Petitioner has not indicated if he is pursuing
relief under § 2241 or § 2255, the Court cannot entertain the
instant proceeding under either statute.  To the extent the
Petition challenges the legality of Petitioner's conviction and
sentence under 28 U.S.C. § 2255, the Court does not have
jurisdiction because the Court did not impose Petitioner's
conviction and sentence.  To the extent Petitioner is challenging
the execution of his sentence pursuant to 28 U.S.C. § 2241, the
Court does not have jurisdiction because Petitioner is not

confined in this District.  Accordingly, the Court will summarily dismiss the Petition for lack of jurisdiction.

### III.  CERTIFICATE OF APPEALABILTY

To the extent the instant Petition constitutes a § 2255 motion, the Court must decide whether to issue a certificate of appealability.  28 U.S.C. § 2253;  See United States v. Cepero, 224 F.3d 256, 265-66 (3d Cir. 2000)("federal prisoner appeals from § 2241 proceedings, however, are not governed by § 2253's certificate of appealability requirement.");  3d Cir. L.A.R. 22.2 (2008).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court has concluded that it lacks jurisdiction to review the instant Petition.  Jurists of reason would not find this conclusion to be debatable.  Accordingly, the Court will not issue a certificate of appealability.

### IV.  CONCLUSION

The Court dismisses the Petition for Emergency Writ of Habeas Corpus in its entirety for lack of jurisdiction without issuing a certificate of appealability.

An appropriate Order accompanies this Opinion.

JEROME B. SIMANDLE
United States District Judge

Date: _____October 21, 2010_____ 2010